**GOOD NEWS EMPLOYEE ASSOCI-ATION; Regina Rederford; Robin Christy, Plaintiffs—Appellants,**

v.

**Joyce M. HICKS, in her individual and official capacities, as Deputy Executive Director of the Community & Economic Development Agency of the City of Oakland; Robert C. Bobb, in his individual and official capacities, as the City Manager of the City of Oakland, Defendants—Appellees.**

No. 05–15467.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2007.

Filed March 5, 2007.

Gary G. Kreep, Escondido, CA, Scott Douglas Lively, Esq., Richard D. Ackerman, Esq., Lively & Ackerman, Temecula, CA, for Plaintiffs–Appellants.

Angela Padilla, David E. Melaugh, Esq., Morrison & Foerster, LLP, San Francisco, CA, for Defendants–Appellees.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

Appellants challenge two decisions made by the district court. In the initial decision, the district court granted, in part, appellees' motion to dismiss several of the claims raised by appellants. Then, following discovery, the district court granted summary judgment to appellees on each of the remaining claims. We agree with the well-reasoned orders of the district court and affirm.

Appellants raise three arguments on appeal. First, they assert that the district court misapplied the law pertaining to workplace speech—particularly, *Pickering v. Board of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), and *Pool v. VanRheen*, 297 F.3d 899 (9th Cir.2002)—in granting summary judgment to appellees. Second, appellants argue that if the district court had applied *Pickering* correctly, it would not have dismissed five other causes of action lodged in their complaint. And third, appellants argue that the administrative instruction at issue in this appeal is unconstitutionally vague and overbroad.

Appellants' first argument lacks merit. To win on appeal, appellants must demonstrate that appellees' qualified immunity has been abrogated. Qualified immunity protects appellees unless the court determines that appellants "ha[ve] shown that the action complained of constituted a violation of [their] constitutional rights," "the violated right was clearly established, and ... a reasonable public official could [not] have believed that the particular conduct at issue was lawful." *Butler v. Elle*, 281

F.3d 1014, 1021 (9th Cir.2002) (citing *Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir.2001)). Here, appellants fail at the first stage of the inquiry.

■ Public employers are permitted to curtail employee speech as long as their " 'legitimate administrative interests' outweigh the employee's interest in freedom of speech." *Pool*, 297 F.3d at 906 (quoting *Bauer v. Sampson*, 261 F.3d 775, 784 (9th Cir.2001)). In this case, the only limit placed on appellants' speech was the removal of a single flyer from the wall. Although appellants did receive an oral warning for posting the flyer, no adverse employment action was taken, and the warning alone is insufficient to tip the *Pickering* balance in appellants' favor. Appellants were also allowed to submit a new flyer, subject to certain editorial constraints. In light of the minimal interference with appellants' free speech rights, the district court appropriately described their speech interest as "vanishingly small." *Good News Employee Ass'n v. Hicks*, No. C–03–3542 VRW, 2005 WL 351743, at *9 (N.D.Cal. Feb.14, 2005). Because the district court correctly held that appellees had a more substantial interest in maintaining the efficient operation of their office than appellants had in their speech, appellants cannot establish a viable free speech claim.

■ Even if appellants presented an arguably cognizable claim—which they did not—they would still need to show that the *Pickering* balancing test yielded a "clearly established" violation. The determination of "whether a public employee's speech is constitutionally protected turns on a context-intensive, case-by-case balancing analysis ... [that] the law regarding such

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claims will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity...." *Moran v. Washington,* 147 F.3d 839, 847 (9th Cir.1998). Appellants fail to show such a 'clearly established' violation here.

■ Appellants' second argument must also fail. Although appellants argue that the district court's misapplication of *Pickering* caused it to dismiss five additional causes of action, the district court actually dismissed these counts on entirely separate, unrelated grounds. *See Good News Employee Ass'n v. Hicks,* No. C–03–3542 VRW, slip op. at 34–45 (N.D.Cal. Mar. 16, 2004). Appellants fail to address any of the actual grounds for dismissal, either directly or indirectly, and have provided no additional arguments that bear on their claims. We therefore deem appellants' argument waived. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992), *cert denied,* 507 U.S. 1004, 113 S.Ct. 1645, 123 L.Ed.2d 267 (1993) (holding that issues not "specifically and distinctly raised and argued" in opening briefs need not be considered by the court).

■ Appellants' third argument is also without merit. Appellants allege that Administrative Instruction 71 ("AI 71") is unconstitutionally vague and overbroad, but have provided little to support their claim. This court has recognized that "even when a law implicates First Amendment rights, the constitution must tolerate a certain amount of vagueness." *California Teachers Ass'n v. State Bd. of Educ.,* 271 F.3d 1141, 1151 (9th Cir.2001). The essential question before any reviewing court is whether individuals who want to obey the statute would have difficulty understanding it. *Kannisto v. City & County of San Francisco,* 541 F.2d 841, 845 (9th Cir.1976). AI 71 prohibits "discrimination and/or harassment based on sexual orientation." It then provides an entire paragraph of examples to illustrate the reach of these terms. Between the plain terms of the instruction and the illustrative examples, city employees should have little difficulty understanding the scope of the prohibition. To the extent that any vagueness exists, such vagueness is an inherent, irreducible part of any anti-discrimination ordinance and does not reach a "real and substantial" amount of speech. *See Tucker v. Cal. Dept. of Educ.,* 97 F.3d 1204, 1217 (9th Cir.1996). AI 71 does not run afoul of the First Amendment, and the district court did not err in dismissing appellants' vagueness and overbreadth challenge.

**AFFIRMED.**